ORDERED SEALED BY COURT

ORIGINAL

unsealed 06-17-08

08 JUN 16 AM 11:37

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAFAEL SANTIAGO (1),<br>ABNER BETECH (2),<br>SAID BETECH (3),<br>AVIVA BETECH (4),<br>ANGEL ARMENDARIZ (5),<br>LUCETTE MONTANE (6),<br><br>Defendants. | Magistrate Case No. 08 MJ 1855<br><br>COMPLAINT FOR<br><br>VIOLATION OF<br><br>Title 18, U.S.C., Sec. 1343 - Wire Fraud;<br>Title 18, U.S.C., Sec. 2 - Aiding And Abetting |

The undersigned Complainant, being duly sworn, states:

Beginning in about a date unknown, and continuing thereafter through at least November 2006, in the Southern District of California and elsewhere, defendants RAFAEL SANTIAGO, ABNER BETECH, SAID BETECH, AVIVA BETECH, ANGEL ARMENDARIZ, LUCETTE MONTANE, and others, did knowingly devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises.

THE DEFENDANTS

In about 2005, Defendants ABNER BETECH, SAID BETECH, and others started Creative Financial Solutions, Inc. ("CFS"), a mortgage brokering company located at 707 Broadway Avenue, Suite 1720, San Diego, California. CFS sent loan application packages and other documents to lenders for review and funding. CFS did not itself fund loans, but received commissions from lenders when loans closed.

Beginning in about a date unknown, and continuing through at least November 2006, Defendants RAFAEL SANTIAGO, ABNER BETECH, SAID BETECH, AVIVA BETECH, ANGEL ARMENDARIZ and LUCETTE MONTANE were loan officers at CFS. As loan officers, Defendants RAFAEL SANTIAGO, ABNER BETECH, SAID BETECH, AVIVA BETECH, ANGEL ARMENDARIZ and LUCETTE MONTANE sent loan application packages and other documents to lenders for review and funding, and received commissions from lenders when loans closed. In addition to commissions, Defendants RAFAEL SANTIAGO, ABNER BETECH, SAID BETECH, AVIVA BETECH, ANGEL ARMENDARIZ and LUCETTE MONTANE received payments from lenders, the sellers, and buyers when loans closed.

Beginning in about a date unknown, and continuing through at least November 2006, Defendant AVIVA BETECH operated CFS Realty, a sister company that was located in the same office suite as CFS. CFS Realty provided realty services for clients that were looking to purchase a home. On February 13, 2002, the California Department of Real Estate issued AVIVA BETCH "salesperson" license. The license expires on July 17, 2010.

///

///

///

THE LENDERS

First Franklin Financial is a mortgage lender with a branch located at 2150 North 1st Street, San Jose (hereinafter "First Franklin").

New Century Mortgage is a mortgage lender with a branch located at 3121 Michelson Drive, 6th Floor, Irvine, California (hereinafter "New Century").

Fremont Investment & Loan is a mortgage lender with a branch located at 2727 East Imperial Highway, Brea, California (hereinafter "Freemont Investment").

Valley Vista Mortgage was a mortgage lender with a branch located at 4747 Viewridge Avenue, Suite 200, San Diego, California (hereinafter "Valley Vista").

MortgageIT is a mortgage lender with a branch located at 33 Maiden Lane, New York, New York (hereinafter "MortgageIT").

Argent Mortgage is a mortgage lender with a branch located at 2030 Main Street, Suite 1030, Irvine, California (hereinafter "Argent").

THE SCHEME

As part of the scheme, defendants RAFAEL SANTIAGO, ABNER BETECH, SAID BETECH, AVIVA BETECH, ANGEL ARMENDARIZ, LUCETTE MONTANE, and others induced First Franklin, New Century, Fremont Investment, Valley Vista, MortgageIT, and Argent and other financial institutions (collectively, "the Lenders") to fund loans by:

a. intentionally concealing the true purchase price of the homes to be purchased by submitting materially false, fraudulent, and misleading purchase contracts;

b. submitting materially false, fraudulent, and misleading loan application packages;

c. intentionally concealing the fair market value of the homes to be purchased by submitting materially false, fraudulent, and misleading appraisals;

d. intentionally concealing the true purchase price of the homes to be purchased by changing MLS listings to reflect the inflated purchase price;

e. submitting materially false, fraudulently, and misleading bank statements and other forms of income documentation;

f. using straw borrowers' identity information without consent to obtain loans from the Lenders;

g. using facsimiles and using, causing to be used, and aiding and abetting the use of wire transfers of money to commit the fraud;

h. intentionally concealing from the Lenders payments made outside of the purchase contracts to the defendants, the buyers, and the sellers;

i. using later resales of the properties to fraudulently obtain additional funds from the Lenders and intentionally conceal the fraud from the Lenders; and

j. acting as the realtor for the buyer to fraudulently obtain additional funds from the Lenders and intentionally conceal the fraud from the Lenders.

It also was part of the scheme that defendants RAFAEL SANTIAGO, ABNER BETECH, SAID BETECH, AVIVA BETECH, ANGEL ARMENDARIZ, LUCETTE MONTANE, and others, through the foregoing false and fraudulent representations and concealments, induced Lenders to fund, from

November 2005 through November 2006, at least 21 fraudulent loans in excess of $16,000,000, causing an actual loss of in excess of $3,800,000 on the fraudulent loans, and an additional potential loss of over $1,000,000 to Lenders for properties that have been foreclosed or are in foreclosure. These loss amounts do not include unpaid mortgage payments, or costs of carrying or selling the real estate once it is bank owned.

It also was part of the scheme that defendants RAFAEL SANTIAGO, ABNER BETECH, SAID BETECH, AVIVA BETECH, ANGEL ARMENDARIZ, LUCETTE MONTANE, and others, through the foregoing false and fraudulent representations and concealments, obtained from the Lenders over $250,000 in commissions paid to CFS, over $300,000 in commissions paid to CFS Realty, over $250,000 in kickbacks to buyers and mortgage brokers from the sellers, and over $1,000,000 in kickbacks to the buyers and mortgage brokers from the finalized HUD-1's.

On or about the dates set forth below, in the Southern District of California and elsewhere, defendants RAFAEL SANTIAGO, ABNER BETECH, SAID BETECH, AVIVA BETECH, ANGEL ARMENDARIZ, LUCETTE MONTANE, and others, for the purpose of executing and attempting to execute the aforementioned scheme to defraud and to obtain money and property by false and fraudulent pretenses, representations, and promises, did, with the intent to defraud, knowingly transmit, cause to be transmitted, and aided and abetted the transmission by wire communication in interstate commerce, certain writings, signs, signals and sounds as alleged below:

| COUNT | DATE | SENDER | WIRE ADDRESSEE | ITEM |
|---|---|---|---|---|
| 1 | 05/31/06 | CFS | First Franklin, San Jose, CA | Loan Application |

| | | | | |
|---|---|---|---|---|
| 2 | 06/05/06 | First Franklin | Asset Escrow, Chula Vista, CA | First and Second Loan Funds |
| 3 | 08/10/06 | CFS | First Franklin, San Jose, CA | Loan Application |
| 4 | 08/28/06 | First Franklin | Southland Title, Temecula, CA | First and Second Loan Funds |
| 5 | 03/21/06 | CFS | First Franklin, San Jose, CA | Loan Application |
| 6 | 03/23/06 | First Franklin | Asset Escrow, Temecula, CA | First and Second Loan Funds |
| 7 | 04/23/06 | Asset Escrow | Bank of America | $115,000.00 |
| 8 | 01/30/06 | CFS | First Franklin, San Jose, CA | A Purchase Contract |
| 9 | 03/28/06 | First Franklin | Heritage Escrow, Chula Vista, CA | First and Second Loan Funds |
| 10 | 03/24/06 | CFS | First Franklin, San Jose, CA | A Purchase Contract |
| 11 | 04/17/06 | First Franklin | Asset Escrow, Chula Vista, CA | First and Second Loan Funds |

All in violation of Title 18, United States Code, Sections 1343 and 2.

And the Complainant states that this Complaint is based on the attached Statement of Facts, which is incorporated herein by reference.

Signature of Complainant

FBI Special Agent
Official Title

Sworn to before me and subscribed in my presence, June 13th, 2008.

HONORABLE PETER C. LEWIS
United States Magistrate

UNITED STATES OF AMERICA, )
Plaintiff, )
v. )
RAFAEL SANTIAGO (1),
ABNER BETECH (2),
SAID BETECH (3),
AVIVA BETECH (4),
ANGEL ARMENDARIZ (5),
LUCETTE MONTANE (6), )
Defendants. )

STATEMENT OF FACTS

Creative Financial Solutions, Inc. ("CFS") was a mortgage brokerage firm located at 707 Broadway Avenue, Suite 1720, San Diego, California. CFS provided home financing for buyers. CFS was owned and operated by Defendants ABNER BETECH and SAID BETECH. Defendants RAFAEL SANTIAGO, ABNER BETECH, SAID BETECH, AVIVA BETECH, ANGEL ARMENDARIZ, and LUCETTE MONTANE were loan officer at CFS. CFS Realty, a sister company that was located in the same office suite, was run by Defendant AVIVA BETECH. CFS Realty provided realty services for clients that were looking to purchase a home. According to the California Department of Real Estate on-line public license search, on February 13, 2002, Defendant AVIVA BETECH was issued "salesperson" license. It expires on July 17, 2010.

The Federal Bureau of Investigation ("FBI"), San Diego Division, began investigating CFS after being contacted by Barbara Macias. Macias is the owner of San Diego Homes Network ("SDHN"). In January of 2006, Defendant AVIVA BETECH from CFS Realty contacted SDHN regarding a property SDHN was listing for sale. Defendant AVIVA BETECH made an offer to buy the property for $1,550,000, even though

the property was listed for sale at $1,400,000. The purchase contract had an addendum attached stating that the seller was to wire the buyer $100,000 within 24 hours of close of escrow. The purchase contract did not have the appropriate box checked showing that there was an addendum to the purchase contract. When this was brought to her attention, Defendant AVIVA BETECH explained that she does this all the time. Defendant AVIVA BETECH was not going to show the lender that there was an addendum to the purchase contract. Due to Defendant AVIVA BETECH's unwillingness to disclose the addendum, SDHN declined the offer.

Through investigation, the FBI and Internal Revenue Service ("IRS") have learned that CFS and CFS Realty were engaged in an extensive fraud scheme that utilized wire transfers of money and facsimiles of documents to carry out the fraud. Specifically, CFS obtained mortgage loans for unqualified or unknowing borrowers by doing the following:

a. intentionally concealing the true purchase price of the homes to be purchased by submitting materially false, fraudulent, and misleading purchase contracts;

b. submitting materially false, fraudulent, and misleading loan application packages;

c. intentionally concealing the fair market value of the homes to be purchased by submitting materially false, fraudulent, and misleading appraisals;

d. intentionally concealing the true purchase price of the homes to be purchased by changing listings by the Combined San Diego Multiple Listing Service, Inc. to reflect the inflated purchase price;

e. submitting materially false, fraudulently, and misleading bank statements and other forms of income documentation;

f. using straw borrowers' identity information without consent to obtain loans from the Lenders;

g. using facsimiles and using, causing to be used, and aiding and abetting the use of wire transfers of money to commit the fraud;

h. intentionally concealing from the Lenders payments made outside of the purchase contracts to the defendants, the buyers, and the sellers;

i. using later resales of the properties to fraudulently obtain additional funds from the Lenders and intentionally conceal the fraud from the Lenders; and

j. acting as the realtor for the buyer to fraudulently obtain additional funds from the Lenders and intentionally conceal the fraud from the Lenders.

Under CFS's scheme, Defendants received money in two ways. First, for each fraudulent loan, CFS or CFS Realty would receive a commission. Second, CFS utilized inflated values on the properties purchased. The difference between the actual value and the inflated value would be given as a "kickback" at closing to the buyer and eventually Defendants. Some of the money for the kickback was paid by the seller and some of it was paid out of escrow as specified on the finalized HUD-1 of the transaction.

The FBI analyzed 21 loans, from November of 2005 through August of 2006, as examples of fraudulent loans that were handled by Defendants while at CFS or CFS Realty. Of these 21 loans, 18 of the

loans have been foreclosed or are in the foreclosure process. The fraudulent loan volume for the 21 loans totals $16,159,750.

The six lenders associated with these 21 loans includes the following: (1) First Franklin Financial is a mortgage lender with a branch located at 2150 North 1st Street, San Jose (hereinafter "First Franklin"); (2) New Century Mortgage is a mortgage lender with a branch located at 3121 Michelson Drive, 6th Floor, Irvine, California (hereinafter "New Century"); (3) Fremont Investment & Loan is a mortgage lender with a branch located at 2727 East Imperial Highway, Brea, California (hereinafter "Freemont Investment"); (4) Valley Vista Mortgage was a mortgage lender with a branch located at 4747 Viewridge Avenue, Suite 200, San Diego, California (hereinafter "Valley Vista"); (5) MortgageIT is a mortgage lender with a branch located at 33 Maiden Lane, New York, New York (hereinafter "MortgageIT"); and (6) Argent Mortgage is a mortgage lender with a branch located at 2030 Main Street, Suite 1030, Irvine, California (hereinafter "Argent") (collectively, "the Lenders").

The Lenders and/or borrowers paid Defendants through CFS illicit commissions totaling $297,837. The Lenders and/or borrowers paid Defendants through CFS Realty illicit commissions totaling $371,866. The sellers paid kickbacks to the buyers and eventually Defendants totaling $297,789.85. As reflected on the finalized HUD-1's, the Lenders and escrow companies paid kickbacks to the buyers and eventually Defendants totaling $1,031,624.

The Lenders have suffered an actual loss of at least $3,902,500. The Lenders will likely suffer an additional potential loss of at least $1,214,950. Thus, for properties that have been foreclosed or are in foreclosure, the Lenders are facing actual and potential loses

in excess of $5,117,450. These loss amounts do not include unpaid mortgage payments, or costs of carrying or selling the real estate once it is bank owned.

FIVE OF THE 21 PROPERTIES

877 Island Avenue

In about the month of May 2006, Defendants RAFAEL SANTIAGO, ABNER BETECH, and AVIVA BETECH submitted, caused to be submitted, and aided and abetted the submission of loan applications for the purchase of a property by Gloria Agundez at 877 Island Avenue, #602, San Diego, California. The applications were seeking a 100% financed first and second loan from First Franklin for $880,000 and $220,000, respectively.

The loan applications claimed that Ms. Agundez was earning $301,000 per year being employed by U.S. Mergers. However, Ms. Agundez never worked for U.S. Mergers and U.S. Mergers does not exist as a functioning entity.

The applications attached fraudulent bank statements from Washington Mutual ("WaMu") to prove income. The WaMu statements submitted contained a balance that was fraudulently inflated. Moreover, the WaMu statements submitted listed transactions that were untrue.

According to the finalized HUD-1, $174,000 was disbursed to Defendants RAFAEL SANTIAGO and ABNER BETECH from the seller. On June 5, 2006, Asset Escrow wired $143,745 into Defendant RAFAEL SANTIAGO's Bank of America account ending 1246 and wired $30,255 into Defendant ABNER BETECH's Wells Fargo account ending 2246. Also, from reviewing the loan file, the appraisal and conditional loan approval were addressed to Defendant ABNER BETECH.

Defendant AVIVA BETECH was listed as the realtor for the buyer. On May 2, 2006, the MLS listed the property sale between $845,000-$925,000. On May 4, 2006, the MLS listing price was raised to $925,000-$1,125,000.

On May 31, 2006, CFS sent via facsimile a loan application. This application was received by First Franklin. On or about May 31, 2006, based upon the scheme, First Franklin wired funds for the first and second loans to escrow to complete the loan transaction. Next, the escrow company paid commissions of $24,000 to CFS Realty and $21,123 to CFS.

On July 19, 2006, Defendant RAFAEL SANTIAGO made an electronic payment of $1,817.99 to a memorandum entry with the word "Agundez." Ms. Agundez was interviewed by the FBI. Ms. Agundez stated that Defendant RAFAEL SANTIAGO stole her identity, she did not sign the loan application, and she does not work for U.S. Mergers. She stated that U.S. Mergers is owned by Defendant RAFAEL SANTIAGO.

The property was foreclosed on March 21, 2007. The property was sold on February 26, 2008 for $591,000. The Lender's actual loss was $509,000, not including additional costs.

<u>1642 7th Avenue, #221</u>

In about the month of August 2006, Defendant ABNER BETECH submitted, caused to be submitted, and aided and abetted the submission of loan applications for the purchase of a property by Jose L. Fernandez at 1642 7th Avenue, #221, San Diego, California. The applications were seeking a 100% financed first and second loan from First Franklin for $440,000 and $110,000, respectively.

The loan applications claimed that Mr. Fernandez was earning $143,000 per year being employed by U.S. Mergers. However,

Mr. Fernandez never worked for U.S. Mergers and U.S. Mergers does not exist as a functioning entity.

The HUD-1 listed the buyer's current address as CFS's address at the time of funding.

On August 10, 2006, CFS sent via facsimile a loan application. This application was received by First Franklin. On or about August 28, 2006, based upon the scheme, First Franklin wired funds for the first and second loans to escrow to complete the loan transaction. Next, the escrow company paid a commission of $16,954 to CFS.

On September 12, 2006, Southland Title Corporation Temecula Escrow Division issued a check to the sellers, Angelo Marcus and Eli Cohen, in the amount of $97,789.85. Mr. Marcus and Mr. Cohen endorsed and signed over to Defendant ABNER BETECH. On September 22, 2006, this check was deposited into Defendant ABNER BETECH's Bank of America account ending 0062. On September 25, 2006, Defendant ABNER BETECH wrote a cashier's check to Mr. Marcus for $15,000. On September 27, 2006, Defendant ABNER BETECH wrote another cashier's check to Mr. Marcus for $15,000.

The property was foreclosed on October 8, 2007. The property is currently listed for sale at $289,900. The Lender's potential loss is $260,100, not including additional costs.

<u>1009 Hawthorne Creek Drive</u>

In about the month of March 2006, Defendants RAFAEL SANTIAGO and SAID BETECH submitted, caused to be submitted, and aided and abetted the submission of loan applications for the purchase of a property by Shamika Copenhagen at 1009 Hawthorne Creek Drive, San Diego, California. The applications were seeking a 100% financed first and

second loan from First Franklin for $1,200,000 and $300,000, respectively.

The loan applications claimed that Ms. Copenhagen was earning $337,521.19 per year being employed by U.S. Mergers. However, Ms. Copenhagen never worked for U.S. Mergers and U.S. Mergers does not exist as a functioning entity.

The applications attached fraudulent bank statements from Washington Mutual ("WaMu") to prove income. The WaMu statements submitted contained a balance that was fraudulently inflated. Moreover, the WaMu statements submitted listed transactions that were untrue.

On or about March 31, 2006, the seller, Martha Amaya, wrote a check to Defendant SAID BETECH dated March 31, 2006 in the amount of $200,000. On or about March 31, 2006, this $200,000 check was deposited into Defendant SAID BETECH's Washington Mutual Bank account ending 6371.

On or about April 4, 2006, Defendant SAID BETECH wired $130,000 from his Washington Mutual account ending 6371 into Defendant RAFAEL SANTIAGO's Bank of America account ending 1246. On or about April 11, 2006, Defendant RAFAEL SANTIAGO wrote a check dated April 15, 2006 to Ms. Copenhagen in the amount of $15,000. On or about on April 11, 2006, the funds are withdrawn for this $15,000 check from Defendant RAFAEL SANTIAGO's Bank of America account ending 1246.

On January 30, 2006, CFS sent via facsimile a purchase contract. This purchase contract was received by First Franklin. On or about March 28, 2006, based upon the scheme, First Franklin wired funds for the first and second loans to escrow to complete the loan transaction. Next, the escrow company paid a commission of $38,423 to CFS.

The property was foreclosed on May 3, 2007. The property was sold on March 13, 2008 for $700,000. The Lender's actual loss was $800,000, not including additional costs.

14444 Rock Rose

In about the month of April 2006, Defendant AVIVA BETECH submitted, caused to be submitted, and aided and abetted the submission of loan applications for the purchase of a property by Daniel Garcia at 14444 Rock Rose, San Diego, California. The applications were seeking a 100% financed first and second loan from First Franklin for $1,092,000 and $373,000, respectively.

The loan applications claimed that Mr. Garcia was earning $334,000 per year being employed by RP MICH. However, Mr. Garcia never worked for RP MICH.

The applications attached fraudulent bank statements from Washington Mutual ("WaMu") to prove income. The WaMu statements submitted contained a balance that was fraudulently inflated. Moreover, the WaMu statements submitted listed transactions that were untrue.

On the purchase contract, Defendant AVIVA BETECH of CFS Realty is listed as the "selling firms" realtor. On April 25, 2006, CFS wrote two checks to Defendant AVIVA BETECH. One check is for $10,000 with the memo line "commission loan garcia," the other is for $21,250 with the memo line "commission garcia R.E." On April 26, 2006, Defendant AVIVA BETECH deposited these checks into her Wells Fargo account ending 8326.

On March 24, 2006, CFS sent via facsimile a purchase contract. This purchase contract was received by First Franklin. On or about April 17, based upon the scheme, First Franklin wired funds for the

first and second loans to escrow to complete the loan transaction. Next, the escrow company paid commissions of $25,000 to CFS Realty and $35,119 to CFS.

The property was foreclosed on March 22, 2007. The property was sold on October 19, 2007 for $905,000. The Lender's actual loss was $460,000, not including additional costs.

<u>1205 Pacific Highway, #202</u>

In about the month of March 2006, Defendants ANGEL ARMENDARIZ and LUCETTE MONTANE submitted, caused to be submitted, and aided and abetted the submission of loan applications for the purchase of a property by Francisco Garcia at 1205 Pacific Highway, #202, San Diego, California. The applications were seeking a 100% financed first and second loan from First Franklin for $672,000 and $168,000, respectively.

The loan applications claimed that Mr. Garcia was earning $268,290 per year being employed by Alvarez/Garcia Custom Tiles. However, Mr. Garcia's income was significantly overstated.

The HUD-1 listed a third party pay-off on to Defendant LUCETTE MONTANE for $115,000. On April 3, 2006, Asset Escrow wired $115,000 into Defendant LUCETTE MONTANE's Bank of America account ending 0733.

Defendant LUCETTE MONTANE wrote a check dated April 17, 2006 from her Bank of America account ending 0733 payable to Defendant ANGEL ARMENDARIZ in the amount of $21,500. On April 19, 2006, Defendant ANGEL ARMENDARIZ deposited the check into his Washington Mutual Bank account ending 7884. On May 2, 2006, Defendant LUCETTE MONTANE wrote a check to Defendant SAID BETECH for $13,446 with the memo line stating "consulting fee-garcia." On or about May 4, 2006, this

$13,466 check was deposited into Defendant SAID BETECH's Washington Mutual Bank account ending 6371.

On January 13, 2006, the MLS listed the home between $657,000-$695,000. On February 13, 2006, the MLS listing price was raised to $750,000-$825,000.

On March 21, 2006, CFS sent via facsimile a loan application. This application was received by First Franklin. On or about March 23, 2006, based upon the scheme, First Franklin wired funds for the first and second loans to escrow to complete the loan transaction. Next, the escrow company paid commissions of $12,250 to CFS Realty and $24,520 to CFS.

The property was foreclosed on March 16, 2007. The property was sold on October 12, 2007 for $630,000. The Lender's actual loss was $210,000, not including additional costs.